ERNESTO and ROSA FRANQUIS PIÑERO, appearing through their mother with *patria potestas* ANA PIÑERO, Plaintiff and Appellees, *v.* JESÚS GONZÁLEZ GARCÍA, Defendant and Appellant.

No. 8086. Argued March 24, 1941.—Decided March 28, 1941.

356

*J. C. Rivera*, for defendant and appellant.  *F. González Fagundo*, for plaintiffs and appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The defendant appellant requests the reconsideration of the judgment rendered on July 26, 1940, (57 P.R.R. _____ ), and asks us to modify it insofar as to impose on the plaintiffs the costs of the proceeding, including a reasonable amount for attorney's fees. The case was opened to hear the parties only as to the petition of the defendant appellant and the hearing was held, with the arguments of both parties, on March 24.

The plaintiffs unduly claimed from the defendant the amount of $500, plus $47.50 as interest and $200 which had been stipulated for costs and attorney's fees. The defendant alleged and proved that he only owed to the plaintiffs $36.50 as the balance on a crop loan which had been secured by the $500 mortgage which the plaintiffs tried to collect; and in his answer to the complaint, he expressly consented that judgment should be rendered against him to the amount of $36.50 which is the amount which was finally ordered paid by the judgment of this Court.

Since the plaintiffs did not obtain a more favorable judgment than the one proposed by the defendant it is in order, according to the provisions of Section 313 of the Code of

Civil Procedure (1933 ed.), that the plaintiffs pay the costs incurred by the defendant from the date that he offered to consent that judgment should be entered against him.

The rashness of the plaintiffs is evident. Not only did they try to collect from the defendant an amount which he did not owe them, but they also opposed, without any grounds therefor, that the judgment whereby the defendant was ordered to pay $200 as costs and attorney's fees, be modified, notwithstanding the fact that it was proven to the satisfaction of the lower court that the mortgage which they tried to collect had been executed as collateral security of a crop loan and that the latter had been paid with exception of the sum of $36.50 which the defendant offered to pay. Therefore, the plaintiffs must be fined with the defendant's attorney's fees, which must be set at $100 for the services rendered before the District Court of Humacao and $50 for those rendered before this Court.

The judgment rendered in July 26, 1940 must be set aside and in its stead a new one issued in accordance with the terms of this opinion.